<u>NOT FOR PUBLICATION</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | | |
|---|---|---|
| THE HOMELESS PATROL and THE HOMELESS PATROL CHURCH, | : : : | **Civil Action No. 06-4315 (SRC)** |
| Plaintiffs, | : : | **OPINION** |
| v. | : : | |
| TOWN OF THOMPSON, NY, THE STATE OF VERMONT, BARBRA GOLDFARB, STATE OF NEW YORK'S CURRENT GOVERNOR, STATE OF VERMONT'S CURRENT GOVERNOR, and JOHN and JANE DOES 1-25, | : : : : : : : | |
| Defendants. | : : | |

**CHESLER**, District Judge

This matter comes before the Court on the application to proceed *in forma pauperis* made by Joseph Kastner on behalf of his organizations "The Homeless Patrol" and "The Homeless Patrol Church," which are named as the *pro se* plaintiffs in this action. The Court has reviewed Mr. Kastner's application to proceed *in forma pauperis* and, pursuant to 28 U.S.C. § 1915(a), grants the application. The Court has also reviewed the Complaint, and pursuant to 28 U.S.C. §§1915(e)(2)(B)(i) - (iii), dismisses the Complaint, in its entirety, on the Court's own motion.

I.    BACKGROUND

As an initial matter, the Court states that throughout this Opinion, it will refer to Mr. Kastner as the Plaintiff.  Although the Complaint is nominally pled as brought by The Homeless Patrol and The Homeless Patrol Church, the Court will treat Mr. Kastner as the true plaintiff, because a review of the Complaint reveals that the complained-of conduct alleges harm against Mr. Kastner.

Plaintiff purports to bring an action under 28 U.S.C. § 1983 against the Town of Thompson, New York, the State of Vermont, Barbara Goldfarb, the "State of New York's Current Governor" and the "State of Vermont's Current Governor."  Plaintiff's Complaint asserts that his civil rights have been violated by these Defendants based primarily, as best the Court can construe the Complaint, on the alleged over-taxation of his property at 484 Rose Valley Road in Monticello, New York, a property Mr. Kastner has owned since approximately 1995. (Complaint, ¶¶ 9, 15-16.)  Plaintiff complains that the Defendants' failure to maintain roadways and drainage systems has caused the property to flood, and that these problems in turn prevent Plaintiff from enjoying the property and, moreover, decrease the value of the property.  (Id., ¶¶ 16-23.)  The property, Plaintiff avers, is as a result worth only $5,000, rendering the tax assessment of the property and the property taxes charged excessive and unconstitutional.  (Id., ¶ 31.)  It also appears that Plaintiff contends that the failure of defendants to address a rodent and insect problem at the property either contributes to the lower property value or itself constitutes a civil rights violation.  (Id., ¶¶ 47-49.)  According to Plaintiff, the property taxes are also excessive because they should have been reduced by the opening of the Monticello Racetrack. (Id., ¶¶ 44-46.)  (Plaintiff analogizes this wrong to the overcharging of real estate tax based on a

2

property's view by the State of Vermont.)  (Id., ¶¶ 3-4.)  Plaintiff is seeking to recover the alleged tax over-payments on his property dating back to 1995.  (Id., ¶¶ 31, 43.)

In addition to this principal grievance, Plaintiff also complains that his rights have been violated due to old and outdated telephone lines, the lack of Verizon DSL Internet service, the lack of cable service and the lack of Verizon cellular telephone service on or about the property located at 484 Rose Valley Road.  (Id., ¶¶ 32-34.)  Moreover, he complains that the Homeless Patrol's application for tax-exempt status as a charitable organization under 26 U.S.C. §501(c)(3) was denied for failure to meet its requirement of a six-person board of directors, which Plaintiff alleges is an unconstitutional requirement.  (Id., ¶¶ 50-51.)

II.    DISCUSSION

A.    Review of Complaint Under 28 U.S.C. § 1915

Proceeding *in forma pauperis* is governed by 28 U.S.C. § 1915.  In order to prevent abusive or captious litigation, § 1915(e)(2)(B)  requires that the Court dismiss a case if it determines that the action cannot or should not proceed on the merits.  See Collins v. Cundy, 603 F.2d 825, 828 (10th Cir. 1979) ("[T]here is no constitutional right to the expenditure of public funds and the valuable time of the federal courts to prosecute an action which is totally without merit").  The statute provides as follows:

> Notwithstanding any filing fee, or any portion thereof, that may
> have been paid, the court shall dismiss the case at any time if the
> court determines that --
>> (A) the allegation of poverty is untrue; or
>> (B) the action or appeal --
>>> (i) is frivolous or malicious;
>>> (ii) fails to state a claim on which relief may be
>>> granted; or
>>> (iii) seeks monetary relief against a defendant who
>>> is immune from such relief.

28 U.S.C. § 1915(e)(2).

Mr. Kastner is a *pro se* plaintiff.  As such, the Court will construe his pleadings liberally and to a less stringent standard than those pleadings filed by lawyers.  Haines v. Lerner, 404 U.S. 519, 520 (1972).  However, even applying this generous standard, the Court finds that Plaintiff's complaint must be dismissed due to lack of subject matter jurisdiction.

**B.**      **Application of Standard to Plaintiff's Complaint**

The gravamen of Plaintiff's Complaint appears to be that the alleged over-assessment and over-taxation of his property violates some unspecified right under the federal Constitution.[1] Presumably, since this grievance pertains to his property at 484 Rose Valley Road in Monticello, New York, this claim is directed against the Town of Thompson, New York (which the

---

[1] The Court presumes that the Plaintiff is invoking rights under the federal Constitution, as opposed to the constitution of the State of New York, because if the action does not purportedly "arise under" the Constitution of the United States, this Court would clearly lack subject matter jurisdiction.  There is no indication that diversity jurisdiction exists, as (1) it is not clear whether plaintiff is domiciled in New York or in New Jersey, and the Complaint names New York defendants and (2) Plaintiff contends that the property overcharge amounts to $45,000, far short of the statutory amount-in-controversy requirement.  Thus, in an effort to read the Complaint resolving all doubts in favor of Plaintiff, this Court presumes that the Plaintiff is operating under the cause of action created by 28 U.S.C. § 1983, for violation of a right conferred by the Constitution or laws of the United States.

4

Complaint avers is the correct city address of the property) (Complaint, ¶ 42), the State of New York's Current Governor, and Barbra Goldfarb.[2]  Although not invoked in the Complaint, 28 U.S.C. § 1983 appears to be plaintiff's asserted cause of action.  Section 1983 provides:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State or Territory, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

28 U.S.C. § 1983.  Defendants the State of Vermont and the State of Vermont's Current Governor do not appear to be connected in any way to this alleged misconduct, or for that matter, any of the complained-of conduct.

This Court has an independent obligation to resolve any doubts as to whether it has subject matter jurisdiction over a case.  Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle, 429 U.S. 274, 278 (1977); Nesbit v. Gears Unlimited, Inc., 347 F.3d 72, 76-77 (3d Cir. 2003), cert. denied, 541 U.S. 959 (2004).  In this case, the Tax Injunction Act, 28 U.S.C. § 1341, prohibits the Court from adjudicating Plaintiff's claims for lack of subject matter jurisdiction.  The Tax Injunction Act provides that "[t]he district courts shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."  28 U.S.C. § 1341.  Where it is applicable, the Tax Injunction Act bars federal subject matter jurisdiction.  Moe v. Confederated Salish and Kootenai Tribes, 425 U.S. 463, 470 (1976).

---

[2] The Complaint does not specify who Ms. Goldfarb is, but the Court gathers from the Complaint that she may be a municipal or state employee.

"It is elementary that the Constitution of the United States does not, generally speaking, control the power of the states to select and classify subjects of taxation." Moffitt v. Kelly, 218 U.S. 400, 403 (1910).  Taxation of real property, in particular, is generally governed by state law. Bluebeard's Castle, Inc. v. Government of the Virgin Islands, 321 F.3d 394, 397 (2002), cert. denied, 540 U.S. 823 (2003).  Expressing its respect for the independence of state governments with respect to their taxation schemes, and in particular with respect to the levy and collection of real property tax, the Supreme Court has held that "taxpayers are barred by the principle of comity from asserting § 1983 actions against the validity of state tax systems in federal courts." Fair Assessment in Real Estate Assoc. v. McNary, 454 U.S. 100, 116 (1981); see also Bluebeard's Castle, Inc., 321 F.3d at 397 (holding that "the importance to the states of their tax systems is such that comity mandates that federal courts are ordinarily powerless to entertain challenges to state taxation, even under 42 U.S.C. §1983").

Although Plaintiff seeks monetary damages, rather than an injunction, the Tax Injunction Act applies to this case.  Despite the fact that the Act uses only the term "enjoin," it is well-established that the prohibition of § 1341 applies to action for damages under § 1983.  Fair Assessment in Real Estate Assoc., 454 U.S. at 113-14.  In so holding, the Supreme Court reasoned that an action for damages would be as intrusive as an equitable action.  Id.  Citing Evangelical Catholic Communion, Inc. v. Thomas, 373 F.Supp. 1342, 1344 (D. Vt. 1973), the Supreme Court further reasoned that a § 1983 action for damages was also barred because, for a plaintiff to recover damages, the Court would first have to find that the defendant's tax system violated some constitutional right, which would amount to an effective declaratory judgment regarding the constitutionality of the tax levied on the plaintiff.  Id.

6

Plaintiff in this case does not claim, nor is there any indication that a "plain, speedy and efficient remedy" is not available to plaintiff in the courts of the State of New York.  In fact, based on the information available to this Court, this Court concludes the Tax Injunction Act's requirement of a "plain, speedy and efficient remedy" in the state court is met here.  A state court remedy is plain, speedy and efficient if it provides the taxpayer with a full hearing and judicial determination at which the taxpayer may raise any and all constitutional objections to the tax. California v. Grace Brethren Church, 457 U.S. 393, 411 (1982).  For guidance, the Court relies on Moore v. Trippe, 743 F.Supp. 201 (S.D.N.Y. 1990), a case in which the United States District Court for the Southern District of New York dismissed the plaintiffs' § 1983 claim alleging that the Town of Pound Ridge, New York violated plaintiffs' constitutional rights based on the means used to assess tax on their property.  Finding that "there is no question but that the remedies available in the New York state courts are sufficient to protect plaintiffs' rights" and that plaintiffs could bring a § 1983 action in the courts of the State of New York, the Moore court held that the Tax Injunction Act barred plaintiffs' § 1983 action.  Moore v. Trippe, 743 F.Supp. 201, 210-11 (S.D.N.Y. 1990).  This Court agrees with the Moore court's analysis, and accordingly holds that Plaintiff's action is barred.

The balance of Plaintiff's various grievances - the lack of cable or internet service at his property, the denial of § 501(c)(3) status for The Homeless Patrol, the property's insect and rodent problem, etc. - do not constitute violations of any cognizable right or protection afforded by the Constitution of the United States or by any federal statute.  To the extent these claims are independent from Plaintiff's claims based on unconstitutional tax assessment, they are frivolous and must be dismissed under 28 U.S.C. §1915(e)(2)(B)(i) and (ii).  Additionally, the Court notes

7

that Plaintiff has failed to allege that he has been harmed in any way by defendants the "State of Vermont" or the "State of Vermont's Current Governor" rendering this Court without jurisdiction to adjudicate any claims against these defendants due to the lack of a justiciable case or controversy.[3]  U.S.CONST., art. 3, s 2, cl. 1.

Because the Tax Injunction Act is a jurisdictional provision, its application cannot be waived.  Collins Holding Corp. v. Jasper County, South Carolina, 123 F.3d 797, 799 n. 1 (4th Cir. 1997).  Thus, for the reasons discussed above, this case must be dismissed due to lack of subject matter jurisdiction.

## IV.   CONCLUSION

For the reasons set forth above, this Court will dismiss this action pursuant to 28 U.S.C. §§1915(e)(2)(B)(I) - (iii).  An appropriate form of order will be filed herewith.

                                        s/ Stanley R. Chesler
                                       STANLEY R. CHESLER
                                       United States District Judge

DATED: October 16, 2006

---

[3] Without examining the issue in any detail, the Court also notes that it would lack jurisdiction over any claim against the State of Vermont based on sovereign immunity under the Eleventh Amendment to the United States Constitution.

8